UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA

| | |
|---|---|
| BRAD ERHART,<br><br>                              Plaintiff,<br><br>       v.<br><br>TRINET HR XI, INC., SWITCHBOARD<br>TECHNOLOGY LABS, INC. AND<br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY, INC.,<br><br>                              Defendants. | No. __3:23-cv-5882-SKV_____<br><br>COMPLAINT FOR A CIVIL CASE<br><br>JURY DEMAND |

## I.    THE PARTIES TO THIS COMPLAINT

A.      Plaintiff

        1.      Brad Erhart

                300 SE 184th Ave Apt 101

                Vancouver, WA 98683

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

B.      Defendants

      1.      TriNet HR XI, Inc.

             1 Park Pl Ste 600

             Dublin, CA 94568-7983

      2.      Switchboard Technology Labs, Inc.

             801 Brickell Ave Ste 800

             Miami, FL 33131-2978

      3.      Hartford Life and Accident Insurance Company, Inc.

             1 Hartford Plz

             Hartford, CT 06115-1701

C.      Place of Employment

      The Plaintiff sought and secured employment remotely, and his location of work was his residential address in the State of Washington.

**II.      BASIS FOR JURISDICTION**

A.      Federal Question

      1.      This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., and Federal common law.

B.      Diversity of Citizenship

      1.      The Plaintiff

             a.      The plaintiff, Brad Erhart, is and at relevant times was a citizen of the State of Washington.

COMPLAINT FOR A CIVIL CASE - 2

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

2.     The Defendants

    a.     The defendant, TriNet HR XI, Inc., is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of California.

    b.     The defendant, Switchboard Technology Labs, Inc., is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of Florida.

    c.     The defendant, Hartford Life and Accident Insurance Company, Inc., is incorporated under the laws of the State of Connecticut, and has its principal place of business in the State of Connecticut.

3.     Complete diversity exists between Plaintiff and Defendants under 28 U.S.C. § 1332. Plaintiff plausibly alleges the amount in controversy exceeds $75,000 based on the combined relief sought across multiple claims concerning his employment, benefits, discrimination allegations, and Defendants' duties and alleged misconduct, such as:

- Plaintiff's claims against Defendants concerning his employment, discrimination allegations, and request for disability accommodations.

- Plaintiff's claims against Defendants related to his employee benefits under ERISA.

- Plaintiff's claims against Defendants pertaining to alleged breach of duties, conspiracy, fraudulent inducement, and interference with his employment and benefits.

COMPLAINT FOR A CIVIL CASE - 3

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

### III.    STATEMENT OF FACTS

The Plaintiff, with over two decades of professional expertise in the realm of information technology and affiliated fields, commenced a full-time remote position as a Senior DevOps Engineer in August 2021. The offer letter, collaboratively drafted by both Defendants' TriNet HR XI, Inc. (TriNet) and Switchboard Technology Labs, Inc. (Switchboard), stipulated that TriNet, acting as a Professional Employer Organization (PEO), would stand as the employer of record, overseeing payroll, benefits, and HR services, while the Plaintiff's work assignments would be directed by Switchboard.

The Plaintiff received consistent praise for his adept skills and performance in the complex role demanding fluency across multiple programming languages, rapidly evolving tools, and emerging blockchain solutions—the core components of Switchboard's business. On or around November 8, the Plaintiff began experiencing brain fog and fatigue, impairing both his work and daily activities. He promptly scheduled a visit with his medical provider, resulting in a diagnosis of a moderate episode of recurrent major depressive disorder and anxiety on November 12[1]. Following his diagnosis, the Plaintiff reached out to his Switchboard managers on November 15, requesting accommodations and inclusion of TriNet in the dialogue.

Switchboard managers organized a meeting with the Plaintiff, stating the intent was to discuss accommodations. However, instead of engaging in an interactive process to ascertain reasonable accommodations, they presented a document laden with several unfounded allegations regarding the Plaintiff's past work performance and ethics—concerns that had never been raised before. They proceeded to verbally harass the Plaintiff during this meeting.

---

[1] This diagnosis was later revised in 2023 that the symptoms were suspected at least in part to be secondary to a neurological condition.

COMPLAINT FOR A CIVIL CASE - 4

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Additionally, the managers had already listed what they deemed to be accommodations they could provide, alongside a series of projects to be completed by week's end. They mandated the Plaintiff to sign the document in agreement with its contents; failing which, they would assert that their pre-determined accommodations presented an undue hardship and burden.

During the meeting, Plaintiff continued to request to involve TriNet, but his Switchboard managers stated that they had no reason or obligation to be involved. Plaintiff refused to sign the agreement, stating that he needed time to review the document and make a determination. This frustrated his Switchboard managers who questioned plaintiff's commitment, repeatedly stating that it was a simple yes or no answer, and that it didn't seem like he could provide a straightforward answer. Eventually his Switchboard managers relented and told him that they would give him approximately a couple hours to make a decision before they reconnected. The plaintiff was in significant distress after the call.

Roughly a couple of hours post-meeting, the Plaintiff emailed his Switchboard managers, reiterating his belief that TriNet should be involved in the discussions due to their role in administering benefits and being his employer. Given the unreasonable demands posed by Switchboard, which he believed would challenge even a non-disabled individual, he stated that he felt it was best to consider filing for short-term disability, especially since they were unwilling to involve TriNet. However, his primary aim was to have TriNet involved in the discussions, given their extensive network and the designation in the offer letter that they would provide HR services, which could have facilitated a proper accommodations process, especially as Switchboard lacked any in-house HR personnel. In response, his Switchboard managers notified him of the termination of his employment which would be effective at the end of the following business day.

COMPLAINT FOR A CIVIL CASE - 5

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Upon experiencing discriminatory treatment, the Plaintiff promptly contacted TriNet, expressing his belief of being discriminated against and requested their intervention for providing accommodations. Later that night, amidst growing distress that was hindering even his ability to sleep, the Plaintiff preemptively sought to secure copies of all the ERISA documents from TriNet HR XI, Inc., citing 29 U.S.C § 1024(b)(4) as outlined in his TriNet HR XI, Inc. Summary Plan Description, and additionally requested a copy of the short-term disability claim form, ahead of receiving a response from TriNet regarding his discrimination concerns.

The following day prior to his effective termination, TriNet first provided the Plaintiff with copies of the Summary of Benefit Coverage and Carrier Certificates for both short-term and long-term disability from Hartford Life and Accident Insurance Company, Inc. (Hartford), even though the Plaintiff was also enrolled in dental, vision, life, and AD&D benefits through TriNet HR XI, Inc.. This was the first time these plan documents were made available to the Plaintiff. The TriNet HR XI, Inc. Summary Plan Description did not list Hartford as the insurer, nor did it adequately define any exclusions and limitations for the disability benefits[2].

TriNet then responded to the Plaintiff's initial complaint of discrimination and requests for accommodation, stating that Switchboard was the employer, that they were referring the matter back to his Switchboard managers, and that it was not in their scope of services to provide guidance on the matter. Plaintiff continued to dispute the matter with Switchboard, ensuring TriNet was included in the communications, emphasizing his belief that TriNet should be involved as his employer.

---

[2] Plaintiff argues that these are requirements under 29 CFR § 2520.102-3, and so that participants fully understand their benefits. Plaintiff's STD enrollment stated it would provide 50% of his pay, but Hartford's plan claimed a maximum weekly benefit, limiting his STD benefits to approximately 35% of his pay.

COMPLAINT FOR A CIVIL CASE - 6

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Despite his persistent inquiries, TriNet remained silent, which Plaintiff alleges was part of an intentional effort to obscure the true nature of the employment arrangement. Similarly, Switchboard had multiple opportunities to clarify TriNet's involvement, yet they also failed to, which, as alleged by the Plaintiff, was a deliberate act intended to mislead him. The lack of clarity from both parties exacerbated the confusion surrounding the employment dynamics, hindering the Plaintiff's understanding of who his actual employer was. Even before his employment, he sensed ambiguity but could not decipher it due to the alleged intentional collusion and withholding of vital information by both entities. Amidst this confusion, the Plaintiff proceeded to timely file for his group short-term disability benefits through Hartford.

Switchboard provided the Plaintiff with a separation agreement, which he later signed while distressed, amid ongoing confusion fueled by the continued misinformation provided by both TriNet and Switchboard about his employer and TriNet's responsibilities. The Plaintiff contends that Switchboard later breached this agreement on multiple occasions. He believes he was fraudulently induced to sign the agreement due to the ongoing collusion and conspiracy between Switchboard and TriNet, which misled him about TriNet's obligations. Had he been aware of TriNet's duty, which they intentionally concealed by asserting that they had no obligation to him, he would not have signed the separation agreement. TriNet's involvement could have facilitated a proper process and the provision of reasonable accommodations.

In January 2022, the Plaintiff had reviewed his onboarding paperwork, earnings statements, tax forms, and other benefit documents. He determined that TriNet HR XI, Inc. was his employer and was required to have engaged in the accommodations request, a fact

COMPLAINT FOR A CIVIL CASE - 7

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

both Switchboard and TriNet had denied and, as alleged by Plaintiff, intentionally misled him about. Furthermore, TriNet HR XI, Inc. was not a party to the separation agreement, and filing a claim with the Equal Employment Opportunity Commission (EEOC) or Washington State Human Rights Commission (WSHRC) was specifically listed as being excluded from the agreement. On January 5, 2022, the Plaintiff proceeded to file a complaint with the WSHRC, alleging discrimination due to disability against TriNet HR XI, Inc. as his employer. The commission also filed the complaint with the EEOC in tandem but retained investigative functions per an interagency working agreement.

Prior to and after filing the complaint, Hartford continued to notify the Plaintiff's treating providers that TriNet HR XI, Inc. was Plaintiff's employer and that they may be able to accommodate restrictions and help him return to work. Plaintiff sent numerous reminders that he had been terminated and also requested that Hartford contact TriNet HR XI, Inc. to see if they could accommodate his disability and help him return to work, and inquired about the rehabilitation program listed in his plan documents. Plaintiff also sent several notices to Hartford stating that he believed he still had not received all the information required to be provided under 29 U.S.C § 1024(b)(4) and requested those documents verbatim.

In April 2022, Hartford denied the Plaintiff's continued benefits, asserting that he was no longer disabled per the plan, and issued an ERISA appeal notice. As part of the denial of his claim, he obtained a copy of the claim file. The Plaintiff initiated the appeals process and also filed for long-term disability benefits within the specified timeframe.

Unknown to the Plaintiff at the time, but found later on upon reviewing the claim files, he discovered that in the claim file, it showed that TriNet HR XI, Inc. had previously emailed one of the plaintiff's Switchboard managers, Chris Hermida (CEO), to complete a Job

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Analysis Worksheet for Hartford to support the Short-Term Disability (STD) claim filed by the Plaintiff. Instead of completing the Job Analysis Worksheet, Mr. Hermida emailed a copy of the confidential separation agreement to Hartford, explicitly stating that he didn't believe the Plaintiff was eligible for benefits.

However, these benefits were outside the scope of the agreement and were, in fact, provided by TriNet HR XI, Inc., a non-party to the agreement, under the TriNet HR XI, Inc. Employee Benefit Plan. Additionally, despite having no legitimate reason to do so, TriNet continued to keep Mr. Hermida informed about the status of the Plaintiff's benefits.

Hartford denied the plaintiff's claim for long-term disability benefits in August 2022, stating that he was filing for disability benefits for conditions that were pre-existing, although he never listed those conditions or claimed they were disabling in his claim. He had been reviewing requirements for insurers and employee benefit plans under ERISA and found that the Washington State Insurance Fair Conduct Act (IFCA) would prohibit such unreasonable denials and believed such claims could be exempt from preemption under the Savings Clause of ERISA. He sent a notice to Hartford and copied the Washington State Insurance Commissioner as required by IFCA to try to resolve the issue. However, Hartford did not take such notice seriously and did not attempt to resolve the matter. In November 2022, after what the plaintiff contends were multiple violations of ERISA by Hartford, the benefits were reinstated. However, the IFCA notice was meant for damages surrounding the unreasonable denials and not meant to be for the denied benefits.

On November 9, 2022, attorneys from Fisher & Phillips, LLP reached out to the plaintiff, stating that they were representing TriNet HR XI, Inc. regarding the charge of discrimination before the WSHRC. Additionally, they acknowledged that the Plaintiff had

COMPLAINT FOR A CIVIL CASE - 9

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

been continuously reaching out to TriNet HR XI, Inc., as the plan administrator, requesting copies of all required documents under 29 U.S.C § 1024(b)(4), and they demanded that he stop doing so. The Plaintiff responded, citing his initial request sent on November 18, 2021.

On December 27, 2022, TriNet HR XI, Inc. provided its official written response to the WSHRC (Washington State Human Rights Commission) complaint (Brad Erhart v. TriNet HR XI, Inc.). In TriNet HR XI, Inc's response, they claimed that TriNet never employed the Plaintiff and that the Plaintiff never worked for TriNet. Instead, they claimed that Plaintiff exclusively worked for Switchboard. Furthermore, they claimed that Mr. Erhart contractually released TriNet from any and all liability in his charge in exchange for valuable consideration. They attached a copy of the Switchboard separation agreement, which was another breach of the confidentiality section of the agreement by Switchboard.

TriNet HR XI, Inc. was not a party to the agreement and the complaint was also a retained right under the terms of the agreement. TriNet HR XI, Inc. also falsely claimed that TriNet did not receive any accommodation request from Mr. Erhart and that Mr. Erhart had no contact or interaction with any representative of TriNet during these alleged events and no representative of TriNet made or implemented any decision concerning his request or termination.

The plaintiff continued working with the WSHRC investigator and sent documents like the TriNet HR XI, Inc. Summary Plan Description, earnings statements, W-2's, W-4's, etc. all listing TriNet HR XI, Inc. as his employer. Also, Plaintiff found that the short-term and long-term group disability plans, that Plaintiff paid after-tax premiums for and had been receiving benefits under, listed in their plan documents that benefit eligibility and the

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

amendatory riders were conditioned upon Plaintiff being a full-time employee of TriNet HR XI, Inc. working for and in TriNet HR XI, Inc's usual course of business.

Because TriNet HR XI, Inc. was claiming to have never been the Plaintiff's employer and that he never worked for them, the Plaintiff began notifying Hartford that he thought it was possible that TriNet HR XI, Inc. had engaged in employer insurance fraud by obtaining the policies, offering and providing benefits to participants under a single-employer ERISA plan, but later claiming the participants did not work for them and that they were not the employer.

Further, he had been communicating with TriNet HR XI, Inc's attorneys because he still did not believe that TriNet HR XI, Inc. had provided the required information under 29 U.S.C § 1024(b)(4). They confirmed this on February 3, 2023 when for the first time they provided copies of the Hartford policy itself and the Summary Annual Report for the TriNet HR XI, Inc. Employee Benefit Plan. Plaintiff had also noted that, although he admittedly paid contributions for his long-term group disability benefits, Hartford had sent him a separate certificate for a non-contributory LTD plan, under which he was paid and which provided a greater benefit percentage.

The Plaintiff made several attempts to notify both TriNet and Hartford of the discrepancy. Despite this, Hartford continued to assert that the plans didn't need to match, as they had noted in Plaintiff's disability claim file. However, a few weeks after filing a complaint with the Washington State Insurance Commissioner regarding TriNet's denial of being the Plaintiff's employer, Hartford notified the Plaintiff on March 15, 2023 that they were claiming an overpayment because TriNet (asserting they were the Plaintiff's employer) had informed them of mistakenly assigning the Plaintiff to the wrong benefit plan.

COMPLAINT FOR A CIVIL CASE - 11

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Unexpectedly, Hartford also sent a short-term disability payment notice (although no payment was received by the Plaintiff). It was later discovered that Hartford withheld what they termed as an underpayment for short-term disability benefits to recover the alleged long-term disability overpayment. This was despite the fact that the short-term and long-term disability benefits were under different plans. Additionally, Hartford never sent an adverse benefit notice regarding the withheld short-term disability benefits.

The Plaintiff raised several issues with Hartford. First, he did not understand how they could continue to administer the plan and apply the riders while TriNet HR XI, Inc. denied being the Plaintiff's employer, claiming that the Plaintiff never worked for them. He questioned why he was not offered and eligible for the non-contributory benefits since they provided a greater benefit percentage without requiring contributions. He also highlighted the issue of fiduciary duty, as TriNet HR XI, Inc. was continually informed about the plan under which the Plaintiff was being paid from the inception. Almost a year later, they wanted to claim a large overpayment. Additionally, Hartford, as claims fiduciary, did not perform their diligence as required under the Employee Retirement Income Security Act (ERISA) and failed to send an adverse benefit notice for the withheld short-term disability benefits.

On March 27, 2023, Hartford responded stating that it was their understanding that the Plaintiff was employed by Switchboard during the relevant timeframe, and that Switchboard was a client company of TriNet. Hartford claimed that as a Professional Employer Organization (PEO), one service that TriNet provides in its capacity as a PEO is to administer employee benefits, including serving as the policyholder for group disability insurance, which is made available to cover employees of client company employers. And they stated that for

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

purposes in its role as the policyholder, TriNet is considered to be a co-employer of client company employees.

Hartford failed to acknowledge or address several underlying issues. These issues include how such an arrangement could align with policy definitions and requirements, why Switchboard was not listed in any policy documents, and how they could continue to assert that such a plan is an ERISA plan. Furthermore, they continuously sent notices to the plaintiff's providers listing TriNet HR XI, Inc. as the employer, stating that they may be able to accommodate the restrictions and assist the plaintiff in returning to work.

In May 2023, the investigator with the WSHRC, Riley Wessels, informed the Plaintiff that despite the investigator's repeated requests to TriNet HR XI, Inc. attorneys for the PEO contract, they had failed to provide it even though they stated they would. He also informed the plaintiff that it wouldn't matter, because even with the evidence showing TriNet HR XI, Inc. was his employer and a non-party to the separation agreement, and that such claim was explicitly excluded from the agreement, the commission had determined that their hands were tied because TriNet had provided a copy of the separation agreement from Switchboard, and the commission was not in a position to evaluate the legality of this agreement. This left the Plaintiff with the only option of requesting a Right to Sue Letter and seeking remedy through the court.

On July 3, 2023, the Plaintiff received a Right to Sue letter from the EEOC in his charge against TriNet HR XI, Inc. One of the initial issues the Plaintiff identified was the determination of whether TriNet HR XI, Inc. could act solely as the employer for tax purposes and under ERISA, specifically regarding employee welfare benefit plans, given the

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

absence of a pension benefit offer[3]. Additionally, in both their Summary Plan Description (SPD) and Form 5500 filings, TriNet HR XI, Inc. identified their plan as a single-employer plan.

The Plaintiff argues that to be considered an employer under ERISA, TriNet HR XI, Inc. must also be recognized as a common-law employer subject to EEO statutes under the ADA. This stance aligns with that of the EEOC, as detailed in multiple EEOC guides, notably in *Section 2 Threshold Issues* [EEOC Compliance Manual, (2000, May 12), U.S. Equal Employment Opportunity Commission]. This section accurately references *Nationwide Mutual Insurance Co. v. Darden,* 503 U.S. 318, 323-24 (1992), stating verbatim, "in *Darden,* the Court adopted the 'common law test' for determining who qualifies as an 'employee' under the Employee Retirement Income Security Act of 1974 (ERISA). The *Darden* rationale applies under the EEO statutes because the ERISA definition of 'employee' is identical to that in Title VII, the ADEA, and the ADA. This test is used to determine whether an individual is an independent contractor or an employee, and whether an individual is employed by a particular entity."

Moreover, by designating their employee benefit plan as a single-employer plan in their SPD and Form 5500, as opposed to a multiple employer plan, the Plaintiff contends that TriNet HR XI, Inc. has claimed not only to be an employer of the Plaintiff but the sole employer. This acknowledgement of employer status is also reflected in the *2021 Annual Report (Form 10-K)* [TriNet Group Inc., (2022), Risk Factors, United States Securities and

---

[3]The Department of Labor (DOL) enacted 29 CFR § 2510.3-55, concerning multiple employer pension benefit plans. TriNet HR XI, Inc. does not claim their plan as a multiple employer plan; instead, they assert it as a single-employer plan. The safe harbor criteria mentioned in 29 CFR § 2510.3-55 includes provisions for substantial employment functions of Professional Employer Organizations (PEOs), which, in the plaintiff's view, ensures that a PEO also qualifies as a joint employer for the purposes of Equal Employment Opportunity (EEO) statutes. However, the plaintiff posits that, according to the most recent EEOC guidance, the EEO statutes must apply to an employer under ERISA concerning employee welfare benefit plans.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Exchange Commission], where it's noted, "the DOL has indicated that while it agrees that we are an employer for ERISA purposes, it believes that wherever there is more than one employer of a WSE, no employer may qualify as a single employer for ERISA purposes."

Given that TriNet HR XI, Inc. has already identified itself as the single-employer under ERISA, the Plaintiff argues that no further determination is necessary regarding their employer status under the EEO statutes, and more specifically relating to the ADA. According to EEOC directives, they are one and the same. Moreover, TriNet made explicit promises to the Plaintiff concerning his employment status and benefits. The Plaintiff, having reasonably relied on these promises while accepting the position, experienced injury following TriNet's failure to honor these commitments. Consequently, it is argued that TriNet should also be held liable under a theory of promissory estoppel.

In addition, the IRS has previously expressed concerns regarding TriNet's business practices, as evidenced by their announcement of nonacquiescence following the ruling made by the Eleventh Circuit Court in *TriNet Group, Inc. v. United States of America*, 979 F.3d 1311 (11th Cir. 2020). In this case, TriNet argued they had control over the payment of wages and were therefore the statutory employer. The unusual step taken by the IRS in announcing nonacquiescence is believed to suggest significant concerns regarding TriNet's stance based on previous claims.

Furthermore, there have been instances, as noted in their Form 10-K and observed in various online legal filings and complaints, where TriNet has claimed to be the employer or not, depending on their liability. Through TriNet's statements made to the WSHRC, which are contended to fall under 18 U.S.C. Section 1001, it is demonstrated that despite TriNet's efforts to gain recognition for PEOs as legitimate entities, and their partial success as a

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

company, in this particular instance, the plaintiff argues that TriNet HR XI, Inc. has not acted in a legitimate manner.

TriNet's official response to the complaint filed with the Washington State Human Rights Commission (WSHRC) contains many false and misleading claims. Instead of claiming their role as the plaintiff's employer merely for tax and benefit purposes, they broadly denied employing the plaintiff or that he ever worked for them. The plaintiff argues that TriNet HR XI, Inc. took this stance to evade liability, even though this contradicts their own insurance policy requirements. Additionally, TriNet made further false statements by denying receipt of any accommodation request from Mr. Erhart, stating Mr. Erhart had no contact or interaction with any representative of TriNet during the alleged events, and misrepresenting the terms and parties of the separation agreement.

The plaintiff alleges that Switchboard and TriNet coordinated efforts to conceal TriNet's liability as his employer under the ADA and other employment laws. This alleged coordination led to intentional misrepresentations about their relationship, with TriNet denying involvement in response to the plaintiff's accommodation requests. This is evidenced by both TriNet's and Switchboard's responses prior to the plaintiff's termination, as well as TriNet's filing with the WSHRC. Furthermore, the plaintiff alleges that the PEO contract, initially denied pre-employment, will further unveil improper and unlawful agreements that Switchboard and TriNet concocted regarding liability, and which he was misled about even prior to accepting employment.

Lastly, despite TriNet HR XI, Inc. owing a fiduciary duty to the plaintiff under ERISA, it is argued that TriNet HR XI, Inc. permitted Switchboard to interfere with the benefits selection process. Specifically, it is alleged that Switchboard was allowed to

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

inappropriately choose which TriNet HR XI, Inc. benefits to offer to the plaintiff based on cost considerations to Switchboard, instead of TriNet providing the plaintiff with all the benefits he was eligible for under the plan, such as the non-contributory disability coverage.

## IV.    STATEMENT OF CLAIMS

A.    Claim 1: Discrimination in Violation of the ADA by TriNet HR XI, Inc.

Plaintiff alleges that Defendant TriNet HR XI, Inc. violated the Americans with Disabilities Act (ADA) by discriminating against him on the basis of disability.

Specifically, Plaintiff claims that:

- He is a qualified individual with a disability under the ADA based on medical diagnoses that caused fatigue and impaired his mental ability, which negatively impacted his work and other major life activities due to the highly demanding nature of his occupation.

- As outlined in the offer letter, TriNet HR XI, Inc. was his employer of record and handled payroll, benefits, and HR services.

- TriNet HR XI, Inc. had notice of Plaintiff's disabilities and his requests for reasonable accommodations.

- TriNet HR XI, Inc. failed to engage in the interactive process upon Plaintiff's accommodation requests.

- As an employer with an extensive national footprint, TriNet HR XI, Inc. had several options available for reasonably accommodating Plaintiff including reassignment.

- However, TriNet HR XI, Inc. refused to address Plaintiff's requests for accommodations, deflecting responsibility entirely to Switchboard.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

- Plaintiff suffered an adverse employment action when he was terminated shortly after requesting disability accommodations.

- In its position statement to the EEOC, TriNet HR XI, Inc. falsely denied being Plaintiff's employer or having any involvement in his accommodation requests or termination.

- TriNet HR XI, Inc. acted with deliberate indifference by failing to address Plaintiff's multiple requests for accommodation in violation of the ADA.

B.    Claim 2: Breach of Contract by Switchboard Technology Labs, Inc.

Plaintiff entered into a Separation and General Release Agreement ("Agreement") with Defendant Switchboard Technology Labs, Inc. on November 22, 2021, while under distress from alleged harassment, discrimination, and misrepresentation over the identity of his employer.

Plaintiff alleges Switchboard breached the Agreement by:

- Providing a copy of the confidential Agreement to Hartford along with misrepresenting the terms and parties, and making it a part of the claim file.

- Providing a copy of the confidential Agreement to TriNet HR XI, Inc., who subsequently included it in their response to the WSHRC complaint, resulting in public disclosure.

- Requiring Plaintiff to sign the Agreement before the stipulated 10 day review period expired, in breach of the written term providing Plaintiff 10 days to review the Agreement before signing.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

C.      Claim 3: Civil Conspiracy and Fraudulent Inducement by TriNet HR XI, Inc. and

Switchboard Technology Labs, Inc.

Plaintiff alleges Defendants engaged in a civil conspiracy intended to interfere with

Plaintiff's rights under the Americans with Disabilities Act (ADA) and other

employment-related laws; and to fraudulently induce Plaintiff into the separation agreement

and other employer-related agreements.

This is evidenced by their joint actions including:

● Concealing the contents of the PEO contract which was improperly

coordinated between TriNet and Switchboard as part of their efforts to

unlawfully shield TriNet as Plaintiff's employer from liability.

● Intentionally hiding key facts regarding Defendants' improper coordination

and misrepresenting pertinent information to induce Plaintiff's employment

and employment agreements.

● Colluding to mislead Plaintiff regarding TriNet's obligations as employer to

induce the separation agreement.

● TriNet's false statements in response to the WSHRC complaint designed to

continue misrepresenting the employment relationship and illegally interfere

with the investigation.

D.      Claim 4: Failure to provide ERISA documents under 29 U.S.C. § 1132(c)(1) by TriNet

HR XI, Inc.

On November 18, 2021, Plaintiff made a written request to TriNet HR XI, Inc., the

plan administrator, for copies of all documents required to be provided under 29 U.S.C. §

1024(b)(4), including the latest updated summary plan description, the latest annual report,

COMPLAINT FOR A CIVIL CASE - 19

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

insurance policies, collective bargaining agreements, and other instruments under which the plan was established or operated.

Plaintiff alleges that TriNet HR XI, Inc.:

- Failed to provide all the requested documents within 30 days as required under 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1132(c)(1).

- Did not provide some requested documents until February 3, 2023, over 14 months after the initial request.

- Still has potentially not provided Plaintiff all applicable instruments under which the plan is established or operated as of the filing of this complaint.

E.    Claim 5: Breach of Fiduciary Duty by TriNet HR XI, Inc. and Hartford Life and Accident Insurance Company, Inc.

TriNet HR XI, Inc. as the plan administrator and plan sponsor, and Hartford Life and Accident Insurance Company, Inc. as the designated claims fiduciary for disability benefits, owed fiduciary duties to Plaintiff under 29 U.S.C. § 1104. These fiduciary duties required Defendants to act solely in the interests of and for the exclusive purpose of providing benefits to participants and their beneficiaries. In addition, they were required to carry out their duties with care, skill, prudence and diligence that a prudent fiduciary familiar with such matters would employ.

TriNet HR XI, Inc. breached its fiduciary duties by:

- Allowing Switchboard to control the selection of TriNet HR XI, Inc. benefits based on Switchboard's costs rather than TriNet offering all benefits Plaintiff was eligible for under the plan terms.

COMPLAINT FOR A CIVIL CASE - 20

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

- Failing to craft plan documents that fully informed participants of the insurers, and the benefits limitations and exclusions.

- Assigning Plaintiff to an alleged incorrect disability insurance plan and failing to promptly address inconsistencies.

Hartford breached its duties by:

- Failing to properly investigate and evaluate Plaintiff's benefits claims consistent with the terms of the plan.

- Failing to provide timely and adequate adverse benefit determination notices as required by ERISA.

## V.   RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter a judgment in his favor and against Defendant TriNet HR XI, Inc. in regards to Claim 1 as follows:

1.   Backpay, in an amount to be determined by a jury, excluding any offsets for disability benefits (however if Hartford intends to argue that they are entitled to said offsets then without any exclusions);

2.   Reinstatement to a position with equivalent pay and status, or another suitable position as reasonable accommodation, or, in the alternative, front pay in an amount to be determined by a jury.

3.   Punitive damages, in an amount to be determined by a jury;

4.   Compensatory damages, including emotional distress, in an amount to be determined by a jury;

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

5.      Reasonable accommodations going forward if reinstated, such as assistive

technology, job restructuring, reassignment, or other accommodations as

necessary.

6.      Court costs and fees; and

7.      Any other relief the court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his

favor and against Defendant Switchboard Technology Labs, Inc. in regards to Claim 2 as

follows:

1.      Revocation of the separation agreement provided by Switchboard in its

entirety, and an order declaring the agreement null and void.

2.      In the alternative, revocation and voiding of the separation agreement's terms

to the maximum extent and in the most favorable manner to Plaintiff, as

deemed appropriate by the Court.

3.      Punitive damages, in an amount to be determined by a jury, for Switchboard's

willful breaches of contract;

4.      Court costs and fees; and

5.      Any other relief that the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his

favor and against Defendants' TriNet HR XI, Inc. and Switchboard Technology Labs, Inc. in

regards to Claim 3 as follows:

1.      A declaration that TriNet HR XI, Inc. and Switchboard Technology Labs, Inc.

engaged in a civil conspiracy to unlawfully interfere with Plaintiff's rights

under the ADA;

COMPLAINT FOR A CIVIL CASE - 22          Brad Erhart
                                         300 SE 184th Ave Apt 101
                                         Vancouver, WA 98683
                                         971-319-2723

2.      A declaration that TriNet HR XI, Inc. provided false statements to a

government agency to unlawfully interfere with an employee's rights under the

ADA;

3.      Rescission or revocation of the separation agreement provided by

Switchboard, and an order that Switchboard is not entitled to any recoupment

under the agreement;

4.      Construction of any relevant agreements in a manner that is most favorable to

Plaintiff, including rescission of any terms that would prohibit the plaintiff

from proceeding before the court and their rights to a jury trial;

5.      Compensatory damages, in an amount to be determined by a jury;

6.      Punitive damages, in an amount to be determined by a jury for Defendants'

intentional misconduct;

7.      Court costs and fees; and

8.      Any other relief that the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his

favor and against Defendant TriNet HR XI, Inc. in regards to Claim 4 as follows:

1.      Statutory damages in the amount of $110 per day for each day that Defendant

violated ERISA per 29 U.S.C. § 1132(c)(1), plus prejudgment interest at the

applicable rate from the date of violation to the date of judgment;

2.      Other equitable relief and fines as the Court deems appropriate; and

3.      Court costs and fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his

favor and against Defendant TriNet HR XI, Inc. in regards to Claim 5 as follows:

COMPLAINT FOR A CIVIL CASE - 23          Brad Erhart
                                         300 SE 184th Ave Apt 101
                                         Vancouver, WA 98683
                                         971-319-2723

1.    An order requiring Defendant to restore to Plaintiff all benefits that he would have otherwise been entitled to had Defendant not allowed Switchboard to interfere in determining what benefits to offer and provide to Plaintiff;

2.    An order requiring Defendant to interpret the plan terms in a manner most favorable to Plaintiff due to the contents not complying with the requirements under 29 CFR § 2520.102-3;

3.    Monetary damages in the amount of the lost benefits that Plaintiff would have otherwise been entitled to, plus prejudgment interest at the applicable rate from the date of the violation to the date of judgment, in an amount to be determined by a jury;

4.    Compensatory damages, in an amount to be determined by a jury;

5.    Court costs and fees; and

6.    Other equitable relief and fines as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant Hartford Life Insurance Company, Inc. in regards to Claim 5 as follows:

1.    An order pursuant to ERISA 502(a)(3) barring Hartford from recovering the alleged long-term disability benefits overpayment from Plaintiff.

2.    An order contingent on the relief against TriNet requiring Hartford to pay Plaintiff any disability benefits unlawfully withheld, plus prejudgment interest, under appropriate plan terms as determined by the Court.

3.    Compensatory and punitive damages, in an amount to be determined by a jury.

4.    Court costs and fees; and

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

5.      Other equitable relief and fines as the Court deems appropriate.

## VI.      CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 29th day of September, 2023.

_Bradley Erhart_
Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723
complaint@leo.spacejunk.dev
Pro Se

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723