THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRAD ERHART,<br><br>            Plaintiff,<br><br>   v.<br><br>TRINET HR XI, INC., SWITCHBOARD TECHNOLOGY LABS, INC, AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, INC.,<br><br>            Defendants | Case No. 3:23-cv-05882-TMC<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Hartford Life and Accident Insurance Company ("Defendant" or "Hartford Life") answers Plaintiff's Complaint for a Civil Case ("Complaint") as follows:

## I. THE PARTIES TO THIS COMPLAINT

1. Answering paragraph A., to the extent this paragraph require an answer, Hartford Life lacks sufficient information or knowledge of Plaintiff's residence and therefore denies the allegations. Defendant denies any remaining allegations.

2. Answering paragraph B., to the extent this paragraph requires an answer, Hartford Life lacks sufficient information or knowledge of the principal place of business for co-defendants TriNet HR XI, Inc. ("TriNet") and Switchboard Technology Labs, Inc. ("Switchboard") and therefore denies the allegations in subparagraphs 1 and 2. Hartford Life admits that its principal place of business is in Connecticut. Defendant denies any remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 1
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE: 206.682.1550

3.  Answering paragraph C., Hartford Life lacks sufficient information or knowledge of Plaintiff's residence or work location and therefore denies the allegations. Defendant denies any remaining allegations.

## II. BASIS FOR JURISDICTION

4.  Answering paragraph A., this paragraph contains legal contentions to which no answer is required. To the extent any answer is required, Hartford Life admits that this Court has federal question jurisdiction of Plaintiff's ERISA claims against Hartford Life. Hartford Life states by way of further answer that Plaintiff is not making any ADA claims or federal common law claims against Hartford Life. Defendant denies any remaining allegations.

5.  Answering paragraph B., this paragraph contains legal contentions to which no answer is required. To the extent any answer is required, Hartford Life lacks sufficient information or knowledge of Plaintiff's citizenship, or the state of incorporation or principal place of business of co-defendants TriNet and Switchboard, and therefore denies the same. Hartford Life admits that its state of incorporation and principal place of business are both in Connecticut. Hartford Life denies that Plaintiff is entitled to any of the relief he seeks in this matter. Defendant denies any remaining allegations.

## III. STATEMENT OF FACTS

6.  Answering Plaintiff's Statement of Facts Section on Pages 4 to 17 of Plaintiff's Complaint, Defendant states by way of answer that this Section does not provide separate allegations that are "simple, concise, and direct" as required by Fed. R. Civ. P. 8(d)(1), which makes answering each of the numerous combined allegations difficult. In a good faith effort to answer this Section, Defendant states as follows:

Defendant states that many of the allegations in this Section contain legal contentions to which no answer is required. To the extent any answer to these allegations is required, Defendant denies that Hartford Life engaged in any wrongdoing and denies that Plaintiff is entitled to any of the relief he seeks and therefore denies the allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 2
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE: 206.682.1550

Defendant further states that it lacks sufficient information or knowledge regarding the allegations regarding or related to Plaintiff (including but not limited to his alleged personal history and/or medical history and/or employment history) and/or co-defendants TriNet and Switchboard and therefore denies the same.

As to the remaining allegations, Hartford Life admits that:

(1) Plaintiff filed for short-term disability ("STD") benefits under the applicable STD plan, which is fully-insured by Hartford Life and governed by ERISA;

(2) Hartford Life initially terminated Plaintiff's STD benefits due to his failure to provide supporting information for his alleged continued disability under the terms of the STD plan and issued Plaintiff an ERISA appeal notice;

(3) Hartford Life provided Plaintiff and/or his counsel, at various times and upon request, with copies of plan documents and claim file(s);

(4) Plaintiff appealed the termination of his STD benefits, which was ultimately overturned, and eventually approved for the maximum period through May 16, 2022;

(5) Plaintiff filed for long-term disability ("LTD") benefits under the applicable LTD plan, which is fully-insured by Hartford Life and governed by ERISA;

(6) Hartford Life initially denied Plaintiff's LTD benefits claim in August 2022 under the pre-existing condition limitation in the LTD plan;

(7) Plaintiff appealed the denial of his LTD benefits claim under the pre-existing condition limitation;

(8) Hartford Life overturned the LTD benefit denial on the basis of the pre-existing condition limitation and approved benefits from the LTD benefit commencement date of May 17, 2021, through the date of the benefit decision on November 17, 2022, with continuing LTD benefits subject to the terms and conditions of the applicable LTD plan;

(9) Hartford Life notified Plaintiff in March 2023 that Plaintiff's LTD benefits claim had been initially assigned to the wrong LTD plan and that, as a result, his LTD benefit claim had an overpayment, and provided Plaintiff with his ERISA appeal rights;

ANSWER AND AFFIRMATIVE DEFENSES - 3
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE: 206.682.1550

(10) Hartford Life also determined that Plaintiff's STD benefits claim had been assigned to the wrong STD plan and, as a result, his STD benefit claim had an underpayment;

(11) under the terms of the applicable STD and LTD plans, Hartford Life applied the underpayment from the STD benefit claim to the overpayment on the LTD plan;

(12) Hartford Life sent a letter to Plaintiff, dated March 27, 2023, which letter speaks for itself and was not intended to imply, and should not be read as implying, that TriNet is or was Plaintiff's legal employer for any purpose.  Defendant states by way of further answer that the term "Employer" is defined in the plan documents as "the Policyholder" and that TriNet was the Policyholder for the applicable plans.

Hartford Life states by way of further answer that the STD and LTD plan documents, and the Administrative Record(s) for Plaintiff's STD and LTD claims speak for themselves and allegations regarding those documents (including but not limited to communications between Plaintiff, TriNet, and Switchboard, on the one hand, and Hartford Life on the other hand) require no answer.  To the extent any answer is required, Hartford Life denies the allegations to the extent they are inconsistent with the STD and LTD plan documents and/or the Administrative Record(s).

Hartford Life states by way of further answer that Plaintiff appealed the LTD overpayment/STD underpayment decision in a letter dated August 30, 2023, which appeal decision remains pending at the request of Plaintiff, pending this litigation.  In a letter dated September 20, 2023, Hartford Life advised Plaintiff that he had until January 6, 2024 to complete his appeal request and provide any further documentation in support in his appeal of the LTD overpayment/STD underpayment decision.  Hartford Life is still waiting for any additional documents before beginning its review of the appeal, and Hartford Life has not issued its final decision on the appeal.  Plaintiff's claims against Hartford Life in this matter, which all refer/relate to the LTD overpayment/STD underpayment decision, therefore fail for, *inter alia*, Plaintiff's failure to exhaust his administrative remedies under the applicable plans.

ANSWER AND AFFIRMATIVE DEFENSES - 4
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

Hartford Life also states by way of further answer that Hartford Life terminated LTD benefits in a letter dated April 25, 2023, which provided Plaintiff his ERISA appeal rights, and which letter speaks for itself.  Plaintiff has not appealed this decision, and he has until January 6, 2024 to appeal the decision to terminate to his LTD benefits, which does not appear to be a part of Plaintiff's allegations in this lawsuit.  To the extent Plaintiff is attempting to include this LTD benefits decision in this lawsuit, those claims fail for, *inter alia*, Plaintiff's failure to exhaust his administrative remedies under the applicable LTD plan.

### IV.  STATEMENT OF CLAIMS

8.   Answering paragraph A., this claim is not alleged against Hartford Life and therefore requires no answer.  To the extent any answer is required, Hartford Life denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

9.   Answering paragraph B., this claim is not alleged against Hartford Life and therefore requires no answer.  To the extent any answer is required, Hartford Life denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

10.   Answering paragraph C., this claim is not alleged against Hartford Life and therefore requires no answer.  To the extent any answer is required, Hartford Life denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

11.   Answering paragraph D., this claim is not alleged against Hartford Life and therefore requires no answer.  To the extent any answer is required, Hartford Life denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

12.   Answering paragraph E., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is required, Hartford Life admits that TriNet is the plan administrator and plan sponsor of the applicable ERISA plans in this matter, which are fully-insured by Hartford Life.  Hartford Life denies that it improperly investigated or evaluated Plaintiff's benefit claims, denies that it failed to provide timely and adequate adverse benefit determinations, and denies that it violated any ERISA statutes or regulations, and therefore denies the claims alleged against Hartford Life.  Defendant denies any remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 5
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

## V. **RELIEF**

Answering Plaintiff's Request for Relief on Pages 21 to 25 of Plaintiff's Complaint, to the extent any answer is required, Defendant denies that Plaintiff is entitled to any relief in this matter and therefore denies the allegations. Defendant denies any remaining allegations.

Except as expressly admitted, Defendant denies any and all remaining allegations in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER AND DEFENSE, and in an abundance of caution, Hartford Life asserts the following defenses and affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in the investigation of this case. **Upon request and after further investigation, if appropriate, Hartford Life will withdraw those defenses that are unsupported by the facts revealed through further investigation, should there be any.**

## **FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims against Hartford Life fail due to Plaintiff's failure to exhaust his available administrative remedies under the terms of the applicable ERISA plans.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, or some of the allegations in it, fails to state a claim upon which relief may be granted, because, *inter alia*, no further disability benefits or payments are due under the applicable ERISA plans, and some or all of Plaintiff's requests for relief are not permissible under ERISA.

## **THIRD AFFIRMATIVE DEFENSE**

Hartford Life affirmatively alleges that any alleged liability is subject to the terms, conditions, limitations, endorsements, exclusions, and effective dates of the documents and instruments governing the applicable ERISA plans.

ANSWER AND AFFIRMATIVE DEFENSES - 6
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE: 206.682.1550

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the terms of the applicable ERISA plans including, but not limited to, the insuring agreements, definitions, and exclusions thereto. Copies of the governing ERISA plan documents are incorporated into this answer by reference as if fully set forth herein. Hartford Life reserves the right to rely upon any and all provisions and terms of the applicable ERISA plans in the defense of this matter.

**FIFTH AFFIRMATIVE DEFENSE**

Any determinations made by Hartford Life with respect to Plaintiff's claims were made in the interest of all participants and beneficiaries and in accordance with the terms and conditions of the applicable ERISA plans; Hartford Life acted reasonably and in good faith at all times.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's demand for attorneys' fees should be denied, because Hartford Life's defenses to this action are reasonable and made in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Any remedy available for any act or omission by Hartford Life is limited solely to those remedies available under ERISA. To the extent Plaintiff asserts claims and/or seeks remedies not allowed under ERISA, such as requests for compensatory and punitive damages, equitable relief, and/or declaratory judgments regarding the entitlement to future benefits, such remedies are preempted and should be denied.

**EIGHTH AFFIRMATIVE DEFENSE**

If the Court should determine that Plaintiff is entitled to disability benefits, the entitlement to which Hartford Life denies, then, pursuant to the applicable ERISA plan documents at issue, Hartford Life is entitled to an offset of benefits for any and all payments for other income received by Plaintiff and/or an estimated amount of other income, including, but not limited to, other work earnings from his continued or any other employment, Social Security disability benefits, workers' compensation, other group disability benefits collected by Plaintiff and any other sources of income received by Plaintiff.

ANSWER AND AFFIRMATIVE DEFENSES - 7
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 Seventh Avenue, Suite 410
Seattle, WA 98101
PHONE: 206.682.1550

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is deemed entitled to recover benefits, and without admitting Plaintiff is entitled to recover benefits under the applicable ERISA plans, such immediate entitlement does not mean Plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any alleged disabling conditions, as well as the effect of different plan requirements, exclusions, or limitations. The applicable ERISA plans do not permit or provide for payment of accelerated or future benefits.

**RESERVATION OF RIGHTS**

Hartford Life reserves the right to add additional affirmative defenses, or to strike affirmative defenses asserted herein, pending discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, Hartford Life prays for judgment as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;

2. For Defendant's costs, disbursements, and attorneys' fees in an amount to be determined at the time of trial; and

3. For such other and further relief as the Court deems just and equitable.

DATED: December 4, 2023

JENSEN MORSE BAKER PLLC

By *s/ Sarah E. Swale*
Sarah E. Swale, WSBA No. 29626
sarah.swale@jmblawyers.com
Gabriel Baker, WSBA No. 28473
gabe.baker@jmblawyers.com
Attorneys for Defendant Hartford Life and Accident Insurance Company

ANSWER AND AFFIRMATIVE DEFENSES - 8
Case No. 23:23-cv-05882-TMC

**JENSEN MORSE BAKER PLLC**
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE: 206.682.1550

# CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on December 4, 2023, the document attached hereto was delivered to the below counsel in the manner indicated.

*Plaintiff*

Brad Erhart
300 SE 184th Avenue; Apt 101
Vancouver, WA  98683
complaint@leo.spacejunk.dev
china_nanomaterial@leo.spacejunk.dev

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

*Counsel for Defendant Switchboard Technology Labs Inc.*

Alexander A. Baehr, WSBA No. 25320
Eva Sharf Oliver, WSBA No. 57019
Summit Law Group
315 5th Avenue S; Suite 1000
Seattle, WA  98104
alexb@summitlaw.com
evao@summitlaw.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

*Counsel for Defendant Trinet HR Xi Inc.*

Catharine M. Morisset, WSBA No. 29682
Jeremy F. Wood, WSBA No. 51803
Fisher & Phillips LLP
1700 Seventh Ave., Suite 2200
Seattle, WA  98101
cmorisset@fisherphillips.com
jwood@fisherphillips.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

DATED: December 4, 2023

By *s/ Sarah E. Swale*
Sarah E. Swale

CERTIFICATE OF SERVICE - 9
Case No. 2:23-cv-05882-TMC

JENSEN MORSE BAKER PLLC
1809 Seventh Avenue, Suite 410
Seattle, WA 98101
PHONE:  206.682.1550