THE HONORABLE S. KATE VAUGHAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRAD ERHART,<br><br>        Plaintiff,<br><br>v.<br><br>TRINET HR XI, INC., SWITCHBOARD TECHNOLOGY LABS, INC. and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, INC.,<br><br>        Defendants. | NO: 3:23-cv-05882 SKV<br><br>**TRINET HR XI, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant TriNet HR XI, Inc. ("TriNet HR"), by and through the undersigned counsel of record, hereby answers and responds to Plaintiff Brad Erhart's Complaint (hereafter "Complaint") as follows:

**I.     THE PARTIES TO THIS COMPLAINT**

1.    Answering paragraph A., to the extent this paragraph requires an answer, TriNet HR lacks sufficient information or knowledge of Plaintiff's residence and therefore denies the allegations.

2.    Answering paragraph B., to the extent this paragraph requires an answer, TriNet HR lacks sufficient information or knowledge of the principal place of business for co-defendants Hartford Life and Accident Insurance Company, Inc. ("Hartford") and Switchboard

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 1

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

Technology Labs, Inc. ("Switchboard") and therefore denies the allegations in subparagraphs 1 and 2. TriNet HR XI, Inc. admits it does business at the listed Dublin, CA address.

3. Answering paragraph C., TriNet HR lacks sufficient information or knowledge of Plaintiff's residence or work location and therefore denies the allegations. TriNet HR denies any remaining allegations.

## II. BASIS FOR JURISDICTION

4. Answering paragraph A., this paragraph contains legal contentions to which no answer is required. To the extent any answer is required, TriNet HR admits that this Court has federal question jurisdiction over Plaintiff's claims. TriNet HR denies any remaining allegations.

5. Answering paragraph B., this paragraph contains legal contentions to which no answer is required. To the extent any answer is required, TriNet HR lacks sufficient information or knowledge of Plaintiff's citizenship, or the state of incorporation or principal place of business of co-defendants Hartford and Switchboard, and therefore denies the same. TriNet HRadmits that its state of incorporation is Delaware, and its principal place of business is in California. TriNet HR denies that Plaintiff is entitled to any of the relief he seeks in this matter. TriNet HR denies any remaining allegations.

## III. STATEMENT OF FACTS

Plaintiff did not number his paragraphs in Section III. Answering Plaintiff's Statement of Facts Section on Pages 4 to 17 of Plaintiff's Complaint, TriNet HR states by way of answer that this Section does not provide separate allegations that are "simple, concise, and direct" as required by Fed. R. Civ. P. 8(d)(1), which makes answering each of the numerous combined allegations difficult. In a good faith effort to answer this Section III, TriNet HR states as follows:

TriNet HR states that many of the allegations in this Section III contain legal contentions to which no answer is required. To the extent any answer to these allegations is required, TriNet

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 2

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

HR denies that it engaged in any wrongdoing and denies that Plaintiff is entitled to any of the relief he seeks and therefore denies the allegations.

TriNet HR further states that it lacks sufficient information or knowledge regarding the allegations regarding or related to Plaintiff (including but not limited to his alleged personal history and/or medical history and/or employment history) and/or co-defendants Hartford and Switchboard and therefore denies the same.

As to the remaining allegations, TriNet HR admits that:

(1) Plaintiff worked for Switchboard as a Senior DevOps Engineer starting in or around August 2021;

(2) TriNet HR assisted Switchboard as a Professional Employer Organization ("PEO");

(3) Plaintiff wrote Defendant, expressing his belief of being discriminated against and requesting Defendant's intervention;

(4) Plaintiff requested copies of certain ERISA documents from Defendant;

(5) TriNet HR produced those documents to Plaintiff;

(6) TriNet HR has explained to Plaintiff that Switchboard was his employer;

(7) Plaintiff signed a separation agreement, that released any non-ERISA claims he might have against Switchboard or Defendant;

(8) On or around January 5, 2022, Plaintiff filed a charge with the Washington State Human Rights Commission. That charge speaks for itself and is the best evidence of its contents;

(9) TriNet XI, Inc. has been unable to locate any emails to/from Ms. Hermida regarding a Job Analysis Worksheet or even regarding the alleged STD claim, and it therefore denies those allegations. TriNet HR XI, Inc., who was not Plaintiff's employer, lacks knowledge or information about Mr. Hermida's alleged communications with the Hartford, so it therefore denies those allegations.

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 3

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

(10) On or around November 9, 2022, the undersigned counsel wrote to Plaintiff. Plaintiff responded. These communications speak for themselves and are the best evidence of their contents;

(11) On or around December 27, 2022, TriNet HR provided a written response to Plaintiff's charge before the Washington State Human Rights Commission. That response speaks for itself and is the best evidence of its contents; and

(12) On or around February 3, 2023, TriNet HRemailed Plaintiff copies of various ERISA documents. That email and its attachments speak for themselves and are the best evidence of their contents.

TriNet HR states by way of further answer that the STD and LTD plan documents, and the Administrative Record(s) for Plaintiff's STD and LTD claims speak for themselves and allegations regarding those documents (including but not limited to communications between Plaintiff, Defendant, and Switchboard, on the one hand, and Hartford on the other hand) require no answer.  To the extent any answer is required, TriNet HR denies the allegations to the extent they are inconsistent with the STD and LTD plan documents and/or the Administrative Record(s).

TriNet HR states by way of further answer that Plaintiff appealed the LTD overpayment/STD underpayment decision in a letter dated August 30, 2023, which appeal decision remains pending at the request of Plaintiff, pending this litigation.  In a letter dated September 20, 2023, Hartford advised Plaintiff that he had until January 6, 2024 to complete his appeal request and provide any further documentation in support in his appeal of the LTD overpayment/STD underpayment decision.  Hartford has not issued its final decision on the appeal. Plaintiff's ERISA claims against TriNet HR in this matter, which all refer/relate to the LTD overpayment/STD underpayment decision, therefore fail for, *inter alia*, Plaintiff's failure to exhaust his administrative remedies under the applicable plans.

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 4

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

TriNet HR also states by way of further answer that Hartford terminated LTD benefits in a letter dated April 25, 2023, which provided Plaintiff his ERISA appeal rights, and which letter speaks for itself. Plaintiff has not appealed this decision, and he has until January 6, 2024 to appeal the decision to terminate to his LTD benefits, which does not appear to be a part of Plaintiff's allegations in this lawsuit. To the extent Plaintiff is attempting to include this LTD benefits decision in this lawsuit, those claims fail for, inter alia, Plaintiff's failure to exhaust his administrative remedies under the applicable LTD plan.

TriNet HR denies any remaining allegations in Plaintiff's Statement of Facts

### IV.   STATEMENT OF CLAIMS

8. Answering paragraph A, the allegations therein state legal conclusions to which no response is required.  To the extent any response is required, TriNet HR denies the allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

9. Answering paragraph B, this claim is not alleged against TriNet HR and therefore requires no answer.  To the extent any answer is required, TriNet HR denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

10. Answering paragraph C, the allegations therein state legal conclusions to which no response is required.  To the extent any response is required, TriNet HR denies the allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

11. Answering paragraph D, the allegations therein state legal conclusions to which no response is required.  To the extent any response is required, TriNet HR admits that Plaintiff requested TriNet HR provide certain document but denies the remaining allegations. TriNet HR denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 5

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

12. Answering paragraph E., this paragraph contains legal contentions to which no answer is required. To the extent any answer is required, TriNet HR admits that it is the plan administrator and plan sponsor of the applicable ERISA plans in this matter. TriNet HR denies the remaining allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter and therefore denies the allegations.

## V. RELIEF

Answering Plaintiff's Request for Relief on Pages 21 to 25 of Plaintiff's Complaint, to the extent any answer is required, TriNet HR denies that Plaintiff is entitled to any relief in this matter and therefore denies the allegations. TriNet HR denies any remaining allegations.

Except as expressly admitted, TriNet HR denies any and all remaining allegations in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, and in an abundance of caution, TriNet HR asserts the following defenses and affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in the investigation of this case.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against TriNet HR fail due to Plaintiff's failure to exhaust his available administrative remedies under the terms of the applicable ERISA plans.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, or some of the allegations in it, fails to state a claim upon which relief may be granted, because, *inter alia*, no further disability benefits or payments are due under the applicable ERISA plans, and some or all of Plaintiff's requests for relief are not permissible under ERISA.

//

//

//

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 6

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

### THIRD AFFIRMATIVE DEFENSE

TriNet HR affirmatively alleges that any alleged liability is subject to the terms, conditions, limitations, endorsements, exclusions, and effective dates of the documents and instruments governing the applicable ERISA plans.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred under the terms of the applicable ERISA plans including, but not limited to, the insuring agreements, definitions, and exclusions thereto. Copies of the governing ERISA plan documents are incorporated into this answer by reference as if fully set forth herein. TriNet HR reserves the right to rely upon any and all provisions and terms of the applicable ERISA plans in the defense of this matter.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's demand for attorneys' fees should be denied, because Defendant's defenses to this action are reasonable and made in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he failed to exhaust his remedies before the Washington State Human Rights Commission and Equal Employment Opportunity Commission.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against TriNet HR fail to the extent they are premised on a claim that it was as his employer, which TriNet HR never was.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against TriNet HR are barred by the Separation Agreement he signed with Switchboard.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against TriNet HR are barred by the litigation privilege and the privilege for communications to government agencies.

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 7

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against TriNet HR are barred to the extent he failed to mitigate his damages, if any.

**RESERVATION OF RIGHTS**

TriNet HR XI, Inc. reserves the right to add additional affirmative defenses, or to strike affirmative defenses asserted herein, pending discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, TriNet HR XI, Inc. prays for judgment as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;

2. For $10,000 pursuant to RCW 4.24.510;

3. For Defendant's costs, disbursements, and attorneys' fees in an amount to be determined at the time of trial; and

3. For such other and further relief as the Court deems just and equitable.

DATED this 10th day of January 2024.

FISHER & PHILLIPS LLP

By: /s/ Catharine M. Morisset
Catharine M. Morisset, WSBA #29682
Jeremy F. Wood, WSBA # 51803
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-2308
cmorisset@fisherphillips.com
jwood@fisherphillips.com
*Attorneys for Defendant*

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT (23-05882-SKV) - Page 8

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brad Erhart, Pro Se
300 SE 184th Ave., Apt. 101
Vancouver, WA 98683
Telephone: (971) 319-2723
Email: complaint@leo.spacejunk.dev

Executed on January 10, 2024, in accordance with 28 USC 1746.

*/s/ Jazmine Matautia*
Jazmine Matautia, Legal Assistant

DEF TRINET XI, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT (23-05882-SKV) - Page 9

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 49014554.3