Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| BRAD ERHART,<br><br>    Plaintiff,<br><br>    v.<br><br>TRINET HR XI, INC., SWITCHBOARD TECHNOLOGY LABS, INC., AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, INC.,<br><br>    Defendants. | Case No. 3:23-cv-5882-TMC<br><br>**SWITCHBOARD TECHNOLOGY LABS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Switchboard Technology Labs, Inc. ("STL" or "Defendant") for its answer and affirmative defenses to the complaint, alleges and avers as follows:

## I. THE PARTIES TO THE COMPLAINT

1.1   Defendant admits paragraph I.A.1 of the Complaint.

1.2   Defendant admits paragraph I.B.1 of the Complaint.

1.3   Defendant admits paragraph I.B.2 of the Complaint.

1.4   Defendant admits paragraph I.B.3 of the Complaint.

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 1

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1.5   In response to Section I.C, Defendant admits Plaintiff secured employment remotely. Defendant is without sufficient information to admit or deny the precise location from where Plaintiff conducted his work and therefore denies the same.

## II. BASIS FOR JURISDICTION

2.1   Paragraph II.A.1 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits the complaint alleges claims arising from 42 U.S.C. § 12101 *et. seq.* and 29 U.S.C. § 1001 *et. seq.* and "federal common law."

2.2   Defendant admits paragraph II.B.1.a.

2.3   Defendant admits paragraph II.B.2.a.

2.4   Defendant admits paragraph II.B.2.b.

2.5   Defendant admits paragraph II.B.2.c.

2.6   Paragraph II.B.3 consists of legal conclusions to which no answer is required. To the extent a response is required, Defendant denies the same.

## III. STATEMENT OF FACTS

Plaintiff's Statement of Facts fails to provide separate allegations that are "simple, concise, and direct" as required by Fed. R. Civ. P. 8(d)(1), which creates difficulty in providing specific answers to the numerous combined allegations contained therein. Notwithstanding, Defendant has sought to answer the Complaint's "Statement of Facts" by way of reference to individual paragraphs and sentences contained therein with citation to page and line number of the Complaint as follows:

3.1   Page 4:2-4:   Defendant is without sufficient information to form a belief as to whether Plaintiff has "over two decades of professional expertise in the realm of information technology and affiliated fields" and therefore denies the same. Defendant admits Plaintiff's title while employed by STL was "Senior DevOps Engineer," which position he secured in August 2021.

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 2

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

3.2     Page 4:4-8:     Defendant admits that the Offer Letter, dated August 23, 2021, noted that Defendant TriNet HR XI, Inc. was a Professional Employer Organization.  All remaining allegations are denied.

3.3     Page 4:9-17:    Defendant, in response to the first sentence, denies that "the Plaintiff received constant praise for his adept skills and performance" and admits the role was complex and required fluency across multiple programming languages, rapidly evolving tools and solutions which were core competencies of Switchboard's business.  Defendant is without sufficient information to form a belief as to the truth of the second and third sentences and therefore denies the same.  As to the final sentence, Defendant admits it and Plaintiff had a meeting on November 15, 2021 in which Plaintiff requested accommodations and denies the remainder of the sentence.

3.4     Page 4:18-22:   Defendant admits the first sentence and denies all remaining sentences in this paragraph.

3.5     Page 5:1-4:     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

3.6     Page 5:5-12:    Defendant denies the first sentence of this paragraph.  Defendant admits the second sentence of this paragraph.  Defendant denies the third sentence of this paragraph.  Defendant, in regard to the fourth and fifth sentences, is without sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

3.7     Page 5:13-23:   Defendant, in regard to the first sentence, admits Plaintiff sent an email to Defendant a few hours following the meeting referenced therein and denies the remainder of the sentence.  Defendant, in response to the second sentence, admits Plaintiff stated he may file for short term disability and denies all remaining allegations therein.  Defendant is without sufficient information to form a belief as to the truth of the third sentence of this paragraph and therefore denies the same, though admits Switchboard did not have an internal employee assigned to the human resources function.  In response to the fourth sentence, Defendant admits that it terminated Plaintiff and denies the remainder of the allegations contained therein.

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 3

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

3.8     Page 6:1-8:    Defendant, in response to the first sentence, denies any discriminatory treatment and admits Plaintiff contacted TriNet.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

3.9     Page 6:9-16:   Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

3.10    Page 6:17-22:  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and therefore denies the same.  In response to the second sentence, Defendant admits Plaintiff "continued to dispute the matter with Switchboard" and "emphasizing his belief TriNet should be involved as his employer."  All remaining allegations are denied.

3.11    Page 7:1-10:   Defendant denies the first through third sentences of this paragraph.  Defendant, with respect to the fourth and fifth sentences, is without sufficient information to form a belief as to the truth of the allegations contained therein and denies the same.

3.12    Page 7:11-20:  Defendant admits the first sentence of this paragraph insofar as Plaintiff admits he signed a Separation and General Release Agreement and denies all remaining allegations.  Defendant denies the second and third sentences of this paragraph.  Defendant, in response to the fourth sentence, denies that Defendant "intentionally concealed" TriNet's "duty to Plaintiff" and is without sufficient information to form a belief as to the remaining allegations and therefore denies the same.  Defendant denies the final sentence of the paragraph.

3.13    Page 7:21-23 – Page 8:1-8:  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence and therefore denies the same.  Defendant denies the second sentence insofar as it is related to it and is without sufficient information to form a belief as to its truth insofar as it is related to Defendant TriNet and therefore denies such allegations.  Defendant, in response to the third sentence, admits TriNet was not a signatory to the Separation and General Release Agreement; all remaining allegations contain

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 4

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

conclusions of law to which no answer is required.  Defendant is generally without sufficient information to form a belief as to the truth of the fourth and fifth sentences of this paragraph and therefore deny the same, however Defendant admits Plaintiff filed a complaint with the WSHRC.

  3.14 Page 8:9-16: Defendant is without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

  3.15 Page 8:17-20: Defendant is without sufficient information to form a belief as to the truth of the allegations contained within this paragraph and therefore deny the same.

  3.16 Page 8:21-23 – Page 9:1-4: Defendant, in response to the first sentence, admits that it received a Job Analysis Worksheet from TriNet HR XI, Inc. to complete with regard to a short term disability claim purportedly filed by Plaintiff.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

  3.17 Page 9:5-8: The first sentence of this paragraph contains conclusions of law to which no answer is required; to the extent an answer is required, denied.  In response to the second sentence, Defendant admits it received communications from TriNet HR XI, Inc. regarding Plaintiff.  All remaining allegations are denied.

  3.18 Page 9:9-20: Defendant, in response to the first sentence of this paragraph, admits Hartford denied Plaintiff's claim and further alleges that it is without sufficient information to form a belief of the truth of the remaining allegations contained therein and therefore denies the same. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

  3.19 Page 9:21-23 – Page 10:1-3: Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

  3.20 Page 10:4-11: Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first through third sentences of this paragraph and therefore denies the same.  Defendant denies the allegation, in the fourth sentence, that it breached

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 5

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

the Separation and General Release Agreement and is without sufficient information to form a belief as to the truth of any remaining allegations contained in the fourth sentence, and therefore denies the same.

3.21    Page 10:12-17: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.22    Page 10:18-22 – Page 11:1-2: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.23    Page 11:3-8:   The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.24    Page 11:9-16:  The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.25    Page 11:17-23: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.26    Page 12:1-6:   The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.27.   Page 12:7-16:  The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.28    Page 12:17-22 – Page 13:1-2:  The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.29    Page 13:2-8:   The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.30    Page 13:9-18:  The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 6

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

3.31    Page 13:19-22 – Page 14:1-3: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.32    Page 14:4-15: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.33    Page 14:16-20 – Page 15:1-3: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.34    Page 15:4-11: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.35    Page 15:12-18: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.36    Page 15:19-23 – Page 16:1-2: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.37    Page 16:3-11: The allegations contained in this paragraph are directed toward other Defendants and therefore no answer is required. To the extent an answer is required, denied.

3.38    Page 16:12-20: Defendant denies each and every allegation contained in this paragraph.

3.39    Page 16:21-23 – Page 17:1-3: Defendant denies that it interfered in the "benefits selection process" or that it was "allowed to inappropriately choose which TriNet HR XI, Inc. benefits to offer to the plaintiff based on cost considerations to Switchboard…." All remaining allegations contain conclusions of law to which no answer is required. To the extent an answer is required, denied.

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 7

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## IV.  STATEMENT OF CLAIMS

4.1     Paragraph A (Claim 1) is not alleged against STL and therefore requires no answer. To the extent any answer is required, STL denies the allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter.

4.2     Paragraph B (Claim 2) contains legal conclusions to which no answer is required. To the extent any answer is required, STL admits Plaintiff entered into a Separation and General Release Agreement and denies each and every other allegation contained in this paragraph and denies that Plaintiff is entitled to any of the relief he seeks in this matter.

4.3     Paragraph C (Claim 3) contains legal conclusions to which no answer is required. To the extent any answer is required, STL denies the allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter.

4.4     Paragraph D (Claim 4) is not alleged against STL and therefore requires no answer. To the extent any answer is required, STL denies the allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter.

4.5     Paragraph E (Claim 5) is not alleged against STL and therefore requires no answer. To the extent any answer is required, STL denies the allegations and denies that Plaintiff is entitled to any of the relief he seeks in this matter.

## V.  RELIEF

5.1     Answering Plaintiff's request for relief on Pages 21:11 – Page 25:1, to the extent any answer is required, STL denies that Plaintiff is entitled to any relief in this matter and therefore denies the allegations.

Except as expressly admitted, STL denies any and all remaining allegations in Plaintiff's Complaint.

## VI. AFFIRMATIVE AND OTHER DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, STL asserts the following defenses and affirmative defenses:

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 8

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

6.1     Some or all of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6.2     Some or all of Plaintiff's claims are barred by the Separation and General Release Agreement he signed with STL.

6.3     Some or all of Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

6.4     Any recovery by Plaintiff must be offset by payments STL heretofore made to Plaintiff pursuant to the parties' Separation and General Release Agreement.

6.5     Plaintiff's claims are barred to the extent he failed to mitigate his purported damages, if any.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, STL prays for judgment as follows:

1.     For dismissal of Plaintiff's Complaint with prejudice;

2.     For Defendant's costs, disbursements, and attorneys' fees as prescribed by law; and

3.     For such other and further relief as the Court deems just and equitable.

DATED this 5th day of April 2024.

SUMMIT LAW GROUP, PLLC

By *s/ Alexander A. Baehr*
Alexander A. Baehr, WSBA No. 25320
Eva Sharf Oliver, WSBA No. 57019
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104
Telephone: (206) 676-7000
Email: alexb@summitlaw.com
evao@summitlaw.com

*Attorneys for Defendant Switchboard Technology Labs, Inc.*

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 9

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the USDC, Western District of Washington, using the CM/ECF system which will send notification of such filing to the following:

*Plaintiff Pro Se*

Brad Erhart
300 SE 184th Avenue, Apartment 101
Vancouver, WA 98683
Email:  china_nanomaterial@leo.spacejunk.dev

*Attorneys for Defendant Hartford Life and Accident Ins. Co., Inc.*

Sarah E Swale
Gabriel Baker
JENSEN MORSE BAKER PLLC
520 Pike Street, Suite 2375
Seattle, WA 98101
Email: sarah.swale@jmblawyers.com
Gabe.baker@jmblawyers.com

*Counsel for Defendant TriNet HR Xi Inc.*

Catharine M. Morisset
Jeremy F. Wood
FISHER & PHILLIPS LLP
1700 Seventh Ave., Suite 2200
Seattle, WA 98101
Email:  cmorisset@fisherphillips.com
jwood@fisherphillips.com

DATED this 5th day of April 2024.

*s/ Karen M. Lang*
Karen M. Lang, Legal Assistant
karenl@summitlaw.com

SWITCHBOARD TECHNOLOGY LABS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 10

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001