HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA

| | |
|---|---|
| BRAD ERHART,<br><br>                    Plaintiff,<br><br>       v.<br><br>TRINET HR XI, INC., SWITCHBOARD<br>TECHNOLOGY LABS, INC. AND<br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY, INC.,<br><br>                    Defendants. | Case No. 3:23-cv-05882-TMC<br><br>JOINT STATUS REPORT & DISCOVERY<br>PLAN |

The parties jointly represent that met on the 15th day of April, 2024, pursuant to FRCP & LCR 26(f), and that they conferred as required. Notwithstanding the contentions raised by Plaintiff below, the parties submit this joint status report and discovery plan per

JOINT STAT. REP. & DISC. PLAN - 1

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

FRCP 26 and the court's order. Plaintiff respectfully requests a scheduling conference in this matter prior to a scheduling order for the reasons listed below and as noted under (16).

**1.      Statement of the nature and complexity of the case**

Plaintiff's statement: Plaintiff presents numerous claims against Defendants involving disability discrimination in employment, termination due to disability, failure to engage in a reasonable accommodations process, conspiracy to deny civil rights, fraudulent inducement, breach of contract, and claims involving ERISA. This is a complex case and is expected to evolve during discovery, with the ERISA claims potentially impacting all plan members.

Plaintiff alleges TriNet HR XI, Inc. ("TriNet") conspired with Switchboard Technology Labs, Inc. ("Switchboard") to obfuscate TriNet HR XI, Inc's legal duties, and that they provided false statements when stating that TriNet had no obligations to engage in a reasonable accommodations process. Instead he claims they opted to discriminate against him by way of Switchboard, and ultimately terminated him without cause because of his disability.

Plaintiff states that benefits under the single-employer TriNet HR XI, Inc. Employee Benefit Plan were presented as part of the employment offer, and that upon starting employment that he was notified and given access to enroll in those benefits, including disability coverage, and that premiums for his elected benefits were later deducted from his wages. Plaintiff asserts before termination, he requested ERISA benefit documents from TriNet HR XI, Inc. and filed a claim for disability benefits with Hartford Life and Accident Insurance Company, Inc. ("Hartford").

He further alleges Switchboard sent Plaintiff a Separation and General Release Agreement, and that TriNet and Switchboard continued to conspire to fraudulently induce Plaintiff into signing the agreement while preying on the distress and trauma that they caused

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

him. He further states Switchboard demanded that Plaintiff sign it within a time that was

contrary to the terms in the agreement, thus also having Plaintiff sign it while under duress.

Plaintiff further alleges that during disability claims handling he found the benefit plan

documents required TriNet HR XI, Inc. to be the single employer that he worked for full-time.

Additionally, upon reviewing his wages, taxes, and other employment documents, and gaining

better awareness about ERISA, he realized that TriNet HR XI, Inc. was required to have

engaged in a reasonable accommodations process. Plaintiff filed a complaint against TriNet

HR XI, Inc. with the Washington State Human Rights Commission ("WSHRC") for disability

discrimination at that time.

He alleges that TriNet continued conspiring with Switchboard to interfere with and

deny him of his civil rights by providing false statements to the WSHRC government

investigator acting in a dual-agency capacity on behalf of the U.S. Equal Employment

Opportunity Commission ("EEOC") and that their actions did prevent the investigator from

being able to handle the claim. He claims the investigator instead recommended he request a

Right to Sue Letter and pursue the matter in court, which Plaintiff did acquire.

Lastly, his claims against TriNet and Hartford involve multiple breaches of fiduciary

duty under ERISA and failing to provide required ERISA documents. These issues are

evolving as TriNet HR XI, Inc. still denies ever being Plaintiff's employer in their answer

(Dkt. 23 pg. 3 & 7) despite being an explicit requirement of the disability plans (Dkt. 22, pgs.

38-42) and as required per ERISA.

This case is brought under the Americans with Disabilities Act (42. U.S.C § 12101 et

seq.), 42 U.S. Code § 1985, the Employee Retirement Income Security Act (29 U.S.C. § 1001

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

et seq.), and Washington contract law. Plaintiff reserves the right to amend as justice demands.

Switchboard Technology Labs, Inc.'s Separate Statement: Defendant Switchboard Technology Labs, Inc. ("STL") generally denies the allegations of the Complaint and avers that it justifiably terminated Mr. Erhart's employment and that, subsequent to termination, Mr. Erhart signed a separation and release of claims agreement in exchange for receipt of consideration, which consideration he has not returned.

Hartford Life and Accident Insurance Company, Inc.'s Separate Statement: Defendant Hartford Life and Accident Insurance Company, Inc. ("Hartford Life") agrees that Mr. Erhart's claims against Hartford Life are governed by ERISA, but generally denies Mr. Erhart's claims, and specifically denies that it breached any fiduciary duties owed to Mr. Erhart or failed to follow any ERISA regulations or plan terms or procedures.

TriNet HR XI, Inc.'s Separate Statement: Defendant Trinet HR XI, Inc. ("TriNet") generally denies the allegations of the Complaint and maintains that it was never Mr. Erhart's employer, never discriminated against him, and never violated any right of his under ERISA. TriNet further avers that Mr. Erhart signed a release of claims agreement with STL that listed TriNet as an intended beneficiary and thus any claims by Mr. Erhart against TriNet were further extinguished to the extent lawful by this agreement. Lastly, TriNet maintains that Mr. Erhart's reliance on statements by STL and TriNet to the Washington Human Rights Commission violates Washington's amended Anti-SLAPP Act.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

**2.      Proposed deadline for the joining of additional parties**

The Defendants propose July 15, 2024 as the deadline for joining additional parties. Plaintiff requests a scheduling conference to address underlying disputes before being able to adequately estimate deadlines at this time. Furthermore, the service sent by Plaintiff as required by 29 U.S.C. § 1132(h) may allow the U.S. Acting Secretary of Labor or the U.S. Secretary of the Treasury to argue for intervention at a later date.

**3.      Whether parties consent to assignment of this case to a full time United States Magistrate Judge**

No, the parties do not agree to assign the case to a Magistrate Judge.

**4.      Proposed discovery plan per Fed. R. Civ. P. 26(f)(3)**

**A.      Initial disclosures**

All the parties exchanged initial disclosures on April 29, 2024, however there exists the following dispute below.

<u>Plaintiff's statement</u>: Plaintiff alleges that Hartford's Rule 26 Initial Disclosures were inadequate as they merely rehashed Hartford's objections to discovery and stated the information could be found in the administrative record. Hartford has not provided any basis to support their claim(s) that the plans are ERISA plans at this time (Docket 19 Pg. 4(12)) and TriNet argues they were never the employer (Dkt. 23 pg. 3 & 7).

<u>Hartford Life's statement</u>: Hartford Life contends that, as the claims against it are ERISA claims involving review of the administrative record, it is exempt from the initial disclosure requirements of Rule 26(a)(1)(B)(i). In an abundance of caution, on April 29, 2024, Hartford Life provided the parties with Rule 26 Initial Disclosures in compliance with any obligations that it may have under Rule 26(a)(1)(A)(i)-(iv).

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

**B.      Subjects, timing, and potential phasing of discovery**

<u>Plaintiff</u> intends to conduct discovery regarding the allegations in Plaintiff's Complaint and Defendants' affirmative defenses. Plaintiff sees a need for phased discovery to address Hartford's objections, TriNet's answer, and Switchboard's intended discovery.

<u>Defendant STL</u> intends to conduct discovery regarding the allegations in Plaintiff's Complaint, and matters related to Plaintiff, Plaintiff's prior work history and related matters.

<u>Defendant Hartford Life</u> contends that, as the claims against it are governed by ERISA and involve an administrative review of the record, no discovery is necessary and no discovery should be permitted.

<u>Defendant TriNet</u> intends to conduct discovery regarding the allegations in Plaintiff's Complaint, and matters related to Plaintiff, Plaintiff's prior work history, and related matters. TriNet further agrees that to the extent Plaintiff brings any ERISA claim against it, that discovery on such claim is neither necessary nor permissible.

**C.      Electronically stored information**

The parties intend to enter into a modified version of the Court's ESI protocol, which shall be submitted for the Court's approval once agreement on its terms are reached.

**D.      Privilege issues**

The parties agree to redact documents that may be partially privileged.

**E.      Proposed limitations on discovery**

<u>Plaintiff</u> intends to limit discovery by Switchboard for claims that are not alleged against them, and for discovery by TriNet for any defense waived by their own admissions.

<u>Defendant Hartford Life</u> contends that no discovery is necessary or warranted on the claims against it.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Defendant <u>TriNet</u> that no discovery is necessary or warranted on Plaintiff's ERISA claim(s) against it.

**F.      The need for any discovery related orders**

Plaintiff seeks to limit or eliminate the need for discovery related orders at this time by requesting a scheduling conference in anticipation that the court may be able to intervene in resolving discovery disputes.

However, the parties agree to work together cooperatively on any discovery-related disputes. One or more of the parties may ask the Court for a discovery-related order if they are unable to confer and agree, and the parties agree to use the procedures set forth in Section III of the Court's Order Regarding Initial Disclosures, Joint Status Report, Discovery, Depositions and Early Settlement (Docket No. 13).

**5.      The parties' views, proposals, and agreements, per Local Civil Rule 26(f)(1)**

**A.      Prompt case resolution**

The parties have discussed and agree to continue exploring options for prompt case resolution.

**B.      Alternative dispute resolution**

The parties have discussed the possibility and advisability of participating in early mediation, but no decision has been reached at this time. Plaintiff posits given the numerous disputes, that early mediation may be beneficial.

**C.      Related cases**

The parties are not aware of any related cases at this time.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

**D.      Discovery management**

The parties are in agreement to confer with each other regarding the nature and type of ESI to be produced, including the form of production and to do so promptly to ensure production of ESI within the time allowed under the federal rules of civil procedure and local rules. The parties are negotiating a protocol for discovery of ESI.

**E.      Anticipated discovery sought**

<u>Plaintiff</u> intends to obtain discovery regarding the allegations in his complaint, Defendant's agreements, relationships, compensation, benefits, business activities, and communications.

<u>Defendant STL</u> intends to obtain discovery regarding Plaintiff, Plaintiff's past employment and Plaintiff's claims and allegations contained in the Complaint.

<u>Defendant Hartford Life</u> contends that, as the claims against it are governed by ERISA and involve an administrative review of the record, no discovery is necessary and no discovery should be permitted.

<u>Defendant TriNet</u> intends to obtain discovery regarding Plaintiff, Plaintiff's past employment and Plaintiff's claims and allegations contained in the complaint.

**F.      Phasing motions.**

<u>Plaintiff</u> intends to file a partial motion for summary judgment seeking a determination that TriNet qualifies as an "employer" under the Americans with Disabilities Act (ADA). This issue is central to the case. An early resolution by the court could streamline discovery and facilitate settlement discussions.

<u>TriNet</u> will oppose any such motion.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

**G.      Preservation of discoverable information**

The parties each state that they are preserving discoverable information, and spoliation notices have been sent previously by Plaintiff. However, given Plaintiff's pro se status, the Defendants did not go into any depth regarding how they are preserving discoverable information or where such records are being stored and kept.

**H.      Privilege issues**

The parties agree to redact documents that may be partially privileged.

**I.      Model Protocol for Discovery of ESI**

The parties are negotiating a protocol for discovery of ESI that is based upon the Court's Model Protocol.

**J.      Alternatives to Model Protocol**

The parties are negotiating a protocol for discovery of ESI that is based upon the Court's Model Protocol.

**6.      The date by which discovery can be completed**

Defendants propose a discovery deadline that aligns with the attached hereto draft case schedule based on the Court's form case schedule. However, given the numerous disputes and ongoing activities, Plaintiff requests a scheduling conference to help make a determination.

**7.      Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way**

Plaintiff contends that it would be beneficial to try liability issues first, before damages, and is open to exploring and implementing other suggestions by the court to aid in efficiency.

JOINT STAT. REP. & DISC. PLAN - 9

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

Defendants' Hartford Life and TriNet contend that bifurcation of the ERISA claims from the other claims in this matter may be appropriate given their position that the ERISA claims do not warrant any discovery and are not subject to a jury trial.

8.   **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy**

The parties are in agreement that they do not believe the pretrial statements and pretrial order should be dispensed in whole or in part.

9.   **Any other suggestions for shortening or simplifying the case**

Plaintiff has requested a status conference to aid in resolving disputes under Rule 16, and additionally believes that phasing motions and discovery, as well as early motions for partial summary judgment, as appropriate, will help expedite the issues in this case.

10.   **The date the case will be ready for trial**

Defendants propose a trial date of September 1, 2025 and have included a proposed case schedule hereto based on the Court's form case schedule.

Plaintiff requests a scheduling conference to discuss contentions that are believed to impact the timelines, depending on the extent of motions to be filed, and likelihood of phasing producing additional evidence necessitating amendments.

11.   **Whether the trial will be jury or non-jury**

Plaintiff's position: Plaintiff has requested trial by jury. In regards to Hartford's position below that he is not entitled to a jury trial for breach of fiduciary claims because of ERISA, he argues that Hartford has not even provided a basis for claiming the plan is an ERISA plan at this time (Docket 19 Pg. 4(12)). He argues that TriNet's answer (Dkt. 23 pg. 3

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

& 7) states they were never the employer and Hartford's answer (Dkt. 19 pg. 4(12)) shows Hartford's refusal to imply it, both of which contradict any ERISA designation and the explicit eligibility requirements of the Hartford plans (Dkt. 22, pgs. 38-42).

Further, he argues that the cases they cite are unrelated to breach of fiduciary claims under 29 U.S.C. § 1132(a)(2) & (3), that he has alleged systematic wrongdoing, and that any disputes regarding a jury trial should be discussed at a scheduling conference before the Court.

Defendant Hartford Life's position: Defendant Hartford Life contends that Plaintiff is not entitled to a jury trial on the claims against it, which are all governed by ERISA. *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991 (9th Cir. 2000); *Nielsen v. UNUM Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152 (W.D. Wash. 2014).

Defendant TriNet's position: Defendant TriNet contends that Plaintiff is not entitled to a jury trial on his ERISA claims. *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991 (9th Cir. 2000); *Nielsen v. UNUM Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152 (W.D. Wash. 2014).

12.   **The number of trial days required**

Defendants' Switchboard Labs and TriNet believe that the trial will require eight court days.

Defendant Hartford Life believes that a bench trial on the ERISA claim would only require one day.

Plaintiff believes the dispute regarding Hartford Life's objections should first try to be addressed, and any other disputes, and that a scheduling conference is likely to help shorten and/or determine a better estimate of trial days required.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

13.   **The names, addresses, and telephone numbers of all trial counsel**

For Plaintiff:
Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

For Defendant STL:
Alexander A. Baehr
Eva Sharf Oliver
Summit Law Group PLLC
315 Fifth Ave. S., # 1000
Seattle, WA 98101
(206) 676-7000

For Defendant Hartford Life:
Sarah E. Swale
Jensen Morse Baker PLLC
520 Pike Street, Suite 2375
Seattle, WA 98101
(206) 682-1550

For Defendant TriNet:
Catharine M. Morisset
Jeremy F. Wood
Fisher & Phillips LLP
1700 7th Ave Ste 2200
Seattle, WA 98101
(206) 682-2308

14.   **The dates on which the trial counsel may have complications to be considered in setting a trial date**

Counsel for STL: Unavailable due to pre-set trials/arbitrations as follows: March 1, 2025 – March 15, 2025; May 7, 2025 – May 25, 2025; June 29, 2025 – July 5, 2025.

Counsel for Hartford Life: Unavailable the following dates in 2025 due to preset trials: February 24 – March 17, 2025; April 15, 2025.

Counsel for TriNet: Unavailable the following dates in 2025 due to pre-set trials: January 13, 2025 – January 30, 2025; February 10, 2025 – February 28, 2025.

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

15.    **Has all defendant(s) or respondent(s) been served**

  All Defendants have been served. In addition and in compliance with 29 U.S.C. § 1132(h), a copy of the complaint was served to potential intervenors Acting Secretary of Labor and the Secretary of the Treasury via certified mail.

16.    **Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case**

  Plaintiff requests a scheduling conference to address the multiple disputes already presented for purposes of Fed. R. Civ. P. 16(a).

17.    **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1**

  Defendant STL: October 5, 2023 at ECF 6.

  Defendant Hartford Life: October 10, 2023 at ECF 8.

  Defendant TriNet HR XI, Inc.: January 11, 2024 at ECF 24.

  DATED this 6th day of May, 2024.

        Respectfully submitted,

        By: /s/ Brad Erhart
        Brad Erhart
        300 SE 184th Ave Apt 101
        Vancouver, WA 98683
        971-319-2723
        complaint@leo.spacejunk.dev

        *Pro Se Plaintiff*

        SUMMIT LAW GROUP, PLLC

        s/Alexander A. Baehr
        Alexander A. Baehr, WSBA 25320
        Eva Sharf Oliver, WSBA 57019

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

315 Fifth Ave. S., Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
alexb@summitlaw.com
evao@summitlaw.com

*Attorneys for Defendant Switchboard
Technology Labs, Inc.*


JENSEN MORSE BAKER, PLLC

*s/Sarah E. Swale*
Sarah E. Swale, WSBA No. 29626
Jensen Morse Baker PLLC
520 Pike Street, Suite 2375
Seattle, WA 98101
(206) 682-1550
sarah.swale@jmblawyers.com

*Attorneys for Defendant Hartford Life*


FISHER & PHILLIPS LLP

s/Jeremy F. Wood
Catharine M. Morisset, WSBA #29682
Jeremy Wood, WSBA # 51803
FISHER & PHILLIPS LLP
1700 Seventh Avenue Suite 2200
Seattle, WA 98101
(206) 682-2308
cmorisset@fisherphillips.com
jwood@fisherphillips.com

*Attorneys for Defendant TriNet*

JOINT STAT. REP. & DISC. PLAN - 14

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723

**Proposed Case Schedule**

| Case Event | Event Date |
| --- | --- |
| Deadline for joining additional parties | Jul 15, 2024 |
| Deadline for filing amended pleadings | Jul 29, 2024 |
| Disclosure of expert testimony under FRCP 26(a)(2) due | Feb 1, 2025 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) | Mar 1, 2025 |
| All motions related to discovery must be filed by | Mar 1, 2025 |
| Discovery must be completed by | Apr 1, 2025 |
| Attorney Settlement Conference | May 1, 2025 |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (see LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (see LCR 7(d)). | May 1, 2025 |
| All motions in limine must be filed by | Jul 28, 2025 |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | Aug 8, 2025 |
| Trial briefs, proposed voir dire questions, and deposition designations due | Aug 11, 2025 |
| Pretrial conference scheduled for | Aug 19, 2025 10:00 AM |
| JURY TRIAL SET FOR | Sep 1, 2025 9:00 AM |

JOINT STAT. REP. & DISC. PLAN - 15

Brad Erhart
300 SE 184th Ave Apt 101
Vancouver, WA 98683
971-319-2723